

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR.10-40047 |
|  | * |  |
| Plaintiff, | * |  |
|  | * | JURY INSTRUCTIONS |
| - vs - | * |  |
|  | * |  |
| GUILLERMO ORTIZ, a/k/a "Memo," | * |  |
|  | * |  |
|  | * |  |
| Defendant. | * |  |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

INSTRUCTION NO. __|__

Members of the jury, it is my duty to explain the rules of law you must apply to this case.

You must not single out some instructions and ignore others, because all are important.

The instructions I am about to give you now are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, *all* instructions, whenever given and whether in writing or not, must be followed.

# INSTRUCTION NO. 2

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

INSTRUCTION NO. _3_

There is nothing particularly different in the way that you should consider the evidence in a trial from that in which any reasonable and careful person would treat any very important question that must be resolved by examining facts, opinions, and evidence.  You are expected to use your good sense in considering and evaluating the evidence in the case for only those purposes for which it has been received and to give such evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court. Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always assumed by the government.

INSTRUCTION NO. 4

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses, the documents and other things received as exhibits, and any facts that have been stipulated–that is, formally agreed to by the parties.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I will list those things again for you now:

1. Statements, arguments, questions, and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4. Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

INSTRUCTION NO. 5

There are two types of evidence which are generally presented during a trial–direct evidence and circumstantial evidence. Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact. The law makes absolutely no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case. After weighing all the evidence, if you are not convinced of the guilt of the defendant beyond a reasonable doubt, you must find him not guilty.

INSTRUCTION NO. 6

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

# INSTRUCTION NO. 7

If you took notes during the trial, your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you did not take notes, you should rely on your own independent recollection of the proceedings and you should not be influenced by the notes of other jurors. I emphasize that notes are not entitled to any greater weight than the recollection or impression of each juror as to what the testimony may have been.

# INSTRUCTION NO. 8

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

# INSTRUCTION NO. 9

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

## INSTRUCTION NO. _10_

The government and the defendant have stipulated - that is, they have agreed - that certain

facts are as counsel have stated. You must treat those facts as having been proved.

INSTRUCTION NO. __11__

You have heard evidence that witnesses Dustin Call and Shea Reiners received a promise from the Government that their testimony will not be used against them in a criminal case. Their testimony was received in evidence and may be considered by you. You may give their testimony such weight as you think it deserves. Whether or not their testimony may have been influenced by the Government's promise is for you to determine.

# INSTRUCTION NO. 12

You have heard evidence that Jose Rodriguez Narez, Juan Maldonado and Troy Rubin each have entered into an agreement with the United States Attorney that in return for their substantial assistance, the United States Attorney may file a Rule 35 motion to reduce their sentence or to reduce their sentence below the mandatory minimum sentence for the crime for which they have pled guilty. Jose Rodriguez Narez, Juan Maldonado and Troy Rubin each are subject to a mandatory minimum sentence, that is, a sentence that the law provides must be of a certain minimum length. If the prosecutor handling their case believes they provided substantial assistance, that prosecutor can file in the court in which they are sentenced a motion to reduce their sentence below the statutory minimum. The judge has no power to reduce a sentence for substantial assistance unless the Government, acting through the United States Attorney, files such a motion. If such a motion for reduction of sentence for substantial assistance is filed by the Government, then it is up to the judge to decide whether to reduce the sentence at all, and if so, how much to reduce it.

You may give the testimony of these witnesses such weight as you think it deserves. Whether or not the testimony of Jose Rodriguez Narez, Juan Maldonado or Troy Rubin may have been influenced by their hope of receiving a reduced sentence is for you to decide.

INSTRUCTION NO. _13_

You must presume that the defendant is innocent of the crime charged. The Indictment is only a formal method of beginning a criminal case. It does not create any presumption of guilt; it is merely an accusation. The fact that a person has been indicted does not create any inference, nor is it evidence, that he is guilty of any crime. The presumption of innocence alone is sufficient to acquit a defendant unless you as jurors are satisfied beyond a reasonable doubt of a defendant's guilt of the crime charged from all the evidence that has been introduced in the case.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. Unless the government proves, beyond a reasonable doubt, that the defendant committed each and every element of the offense charged against him in the Indictment, you must find the defendant not guilty of that offense.

There is no burden upon the defendant to prove that he is innocent. Accordingly, the fact that the defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdict.

INSTRUCTION NO. 14

A reasonable doubt is a doubt based upon reason and common sense, and not the mere possibility of innocence. A reasonable doubt is the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it. However, proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

INSTRUCTION NO. _15_

The Indictment charges that from on or about 2005, and continuing through May 4, 2010, in the District of South Dakota and elsewhere, the defendant, Guillermo Ortiz, a/k/a "Memo," did knowingly or intentionally combine, conspire, confederate, or agree with others to knowingly or intentionally distribute 500 grams or more of a mixture or substance containing methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § § 841(a)(1) and 846.

The defendant has pleaded not guilty to this charge. There is no burden upon a defendant to prove that he is innocent of the charge against him.

## INSTRUCTION NO. 16

The Indictment charges that the offense alleged was committed "on or about" certain dates. Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged in the Indictment, it is not necessary for the government to prove that the offense was committed precisely on the dates charged.

# INSTRUCTION NO. 17

The conduct charged against the defendant in the Indictment is prohibited by the law of the

United States. Section 841(a)(1) of Title 21 of the United States Code provides, in part, that:

> (a) ... it shall be unlawful for any person knowingly or intentionally --
>
> > (1) to ... distribute ... a controlled substance[.]

INSTRUCTION NO. _18_

You are instructed, as a matter of law, that methamphetamine is a controlled substance.

You are further instructed that an ounce is equal to 28.35 grams.

It is solely for you to determine, however, whether the government has proven beyond a reasonable doubt that the defendant conspired to distribute a mixture or substance that contained methamphetamine and the quantity involved in the offense.

INSTRUCTION NO. _19_

The crime of conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine, as charged in the Indictment, has four essential elements, which are:

One,    from on or about 2005, and continuing through May 4, 2010, two or more persons reached an agreement or came to an understanding to distribute a mixture or substance containing methamphetamine;

Two,    the Defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect;

Three,    at the time the Defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding; and

Four,    the agreement or understanding involved 500 grams or more of a mixture or substance containing methamphetamine.

If you find these four elements unanimously and beyond a reasonable doubt, then you must find the Defendant guilty of the crime of conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine. Record your determination on the Verdict Form that is submitted to you with these instructions.

The quantity of controlled substances involved in the agreement or understanding includes the controlled substances the Defendant possessed for personal use or distributed or agreed to distribute. The quantity also includes the controlled substances fellow conspirators distributed or agreed to distribute, if you find that those distributions or agreements to distribute were a necessary or natural consequence of the agreement or understanding and were reasonably foreseeable by the Defendant.

INSTRUCTION NO. $20$

The government must prove that the Defendant reached an agreement or understanding with at least one other person.

The "agreement or understanding" need not be an express or formal agreement or be in writing or cover all the details of how it is to be carried out. Nor is it necessary that the members have directly stated between themselves the details or purpose of the scheme.

You should understand that merely being present at the scene of an event, or merely acting in the same way as others or merely associating with others, does not prove that a person has joined in an agreement or understanding. A person who has no knowledge of a conspiracy but who happens to act in a way which advances some purpose of one, does not thereby become a member.

But a person may join in an agreement or understanding, as required by this element, without knowing all the details of the agreement or understanding, and without knowing who all the other members are. Further, it is not necessary that a person agree to play any particular part in carrying out the agreement or understanding. A person may become a member of a conspiracy even if that person agrees to play only a minor part in the conspiracy, as long as that person has an understanding of the unlawful nature of the plan and voluntarily and intentionally joins in it.

You must decide, after considering all of the evidence, whether the conspiracy alleged in the Indictment existed. If you find that the alleged conspiracy did exist, you must also decide whether the Defendant voluntarily and intentionally joined the conspiracy, either at the time it was first formed or at some later time while it was still in effect. In making that decision, you must consider only evidence of the Defendant's own actions and statements. You may not consider actions and pretrial statements of others, except to the extent that pretrial statements of others describe something that had been said or done by the Defendant.

INSTRUCTION NO. 21

(1) The indictment charges that the defendant was a member of one single conspiracy to commit the crime of distributing 500 grams or more of a mixture and substance containing methamphetamine.

(2) One of the issue you must decide is whether there were really two or more separate conspiracies - - one between Guillermo Ortiz, Carlos Clemente Perez Panteleon, Jose Rodriguez Narez and Renee Ronsberg to commit the crime of conspiracy to distribute methamphetamine, and one between Guillermo Ortiz and Dustin Call to commit the crime of conspiracy to distribute methamphetamine, and another between Guillermo Ortiz, Juan Maldonado, Troy Rubin, Shelly Bryan, Myles Sandquist, David Dale and Shea Reiners to commit the crime of conspiracy to distribute methamphetamine.

(3) The government must convince you beyond a reasonable doubt that the defendant was a member of the single conspiracy charged in the Indictment. If the government fails to prove this as to the defendant, then you must find the defendant not guilty of the conspiracy charge, even if you find that he was a member of some other conspiracy. Proof that the defendant was a member of some other conspiracy is not enough to convict.

(4) But proof that the defendant was a member of some other conspiracy would not prevent you from returning a guilty verdict, if the government also proved that he was a member of the conspiracy charged in the Indictment.

A single conspiracy may exist even if all the members did not know each other, or never met together, or did not know what roles all the other members played. And a single conspiracy may exist even if different members joined at different times, or the membership of the group changed. Similarly, just because there were different subgroups operating in different places, or many different criminal acts committed over a long period of time, does not necessarily mean that there was more than one conspiracy. These are factors you may consider in determining whether more than one conspiracy existed.

# INSTRUCTION NO. 22

It is not necessary for the government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

## INSTRUCTION NO. 23

If you have found beyond a reasonable doubt that a conspiracy existed and that the Defendant was one of its members, then you may consider acts knowingly done and statements knowingly made by the Defendant's co-conspirators during the existence of the conspiracy and in furtherance of it as evidence pertaining to the Defendant even though they were done or made in the absence of and without the knowledge of the Defendant. This includes acts done or statements made before the Defendant had joined the conspiracy, for a person who knowingly, voluntarily, and intentionally joins an existing conspiracy is responsible for all of the conduct of the co-conspirators from the beginning of the conspiracy.

Acts and statements which are made before the conspiracy began or after it ended are admissible only against the person making them and should not be considered by you against the Defendant.

## INSTRUCTION NO. 24

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I will list those rules for you now.

First, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because your verdict – whether guilty or not guilty – must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

Third, if the Defendant is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the government has proved its case beyond a reasonable doubt.

Fourth, if you need to communicate with me, you may send a note to me through the marshal, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone, including me, how your vote stands numerically.

Fifth, your verdicts must be based solely on the evidence and on the law which I have given to you in my instructions. Nothing I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

INSTRUCTION NO. $24$, continued

Finally, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed upon the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal that you are ready to return to the courtroom.